UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN LANE,<br><br>Defendant. | Case No. 1:22-cr-00257-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Brian Lane's Motion to Appoint Counsel and for Early Termination of Supervised Release (Dkt. 3). For the reasons explained below, the Court will deny the motion.

On October 2, 2018, Mr. Lane was sentenced to five years' imprisonment followed by three years' supervised release. Dkt. 1. Mr. Lane completed his term of imprisonment in April 2022 and now asks the Court to appoint him an attorney and terminate his supervised release. He explains that he has been complying with the terms of supervision and would like the freedom to leave Idaho. *Motion*, Dkt. 3.

A court may modify or terminate supervised release after a defendant has completed at least one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant early termination, the Court first considers the factors set

forth in 18 U.S.C. § 3553(a). Then, if it is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the Court may terminate supervised release. *See* 18 U.S.C. § 3583(e)(1). Although a district court may not require exceptional behavior as a predicate for early termination, *see United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022), courts do have "broad discretion" in deciding whether early termination is warranted, *see United States v. Emmett*, 749 F.3d 817, 821–22 (9th Cir. 2014).

Mr. Lane has not offered any legitimate reason for granting early termination of supervised release. He states only that he has complied with the requirements of supervision and wishes to travel outside of Idaho. To the extent that Mr. Lane has succeeded under supervision, the Court applauds him. But after considering each of the § 3553(a) factors, the Court is not persuaded that early termination is warranted. As a general matter, supervised release does not become unnecessary simply because a person has complied with the requirements of supervision. Nor does the Court see any basis for appointing counsel to re-argue Mr. Lane's position.

**IT IS ORDERED that** Defendant Brian Lane's Motion to Appoint Counsel and for Early Termination of Supervised Release (Dkt. 3) is **DENIED.**

MEMORANDUM DECISION AND ORDER - 2

DATED: January 31, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3